## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAIMA MCGOWAN, | ) |
| | ) |
| | ) CIVIL ACTION NO.: |
| Plaintiff, | ) |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| VIDA CHARTER SCHOOL, | ) |
| | ) *Electronically Filed* |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff, Naima McGowan, a resident of Harford County, Maryland, by and through her attorneys, brings this civil action for damages against the above named Defendant, Vida Charter School, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1.     Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to 28 U.S.C. §§1331 and 1343.

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

1

## THE PARTIES

3.      Plaintiff, Naima McGowan ("Ms. McGowan"), is a female adult of Somalian descent individual residing in Harford County, Maryland.

4.      Defendant, Vida Charter School ("Defendant"), is a Pennsylvania non-profit corporation with headquarters located at 120 East Broadway, Gettysburg, Adams County, Pennsylvania.

5.      Defendant operates the Vida Charter School, which provides a Spanish and English dual language immersion program.

## ADMINISTRATIVE PROCEEDINGS

6.      Ms. McGowan filed a Complaint with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Case No. 530-2018-00931.

7.      Ms. McGowan has been advised by the EEOC of her right to sue in federal court, which notice was issued on or about September 8, 2018.

8.      All necessary and appropriate administrative prerequisites to this action have occurred.

## STATEMENT OF FACTS

9.      On or about February 2015, Ms. McGowan was hired by Defendant for the position of Business and Operations Manager.

10.     Ms. McGowan reported directly to Martha Davis, Defendant's Executive Director, whose national origin is Mexican.

11.     Upon information and belief, a majority of Defendant's employees at the Vida Charter School were of Mexican descent.

12.     Upon information and belief, this Mexican-descent majority was a result of the intentional acts and/or omissions of Ms. Davis, who preferred employees of Mexican descent to non-Mexicans.

13.     Throughout her tenure with Defendant, Ms. Davis exhibited preferential treatment towards employees of Mexican descent.

14.     During the 2016-2017 school year, Ms. McGowan was required to use many of her sick leave days in order to care for her sick children.

15.     In or around March 2017, Ms. McGowan was required to use up all of her sick leave, personal leave, and vacation leave in order to care for her children before the end of the 2016-2017 school year.

16.     As a result of taking this time off, Ms. McGowan received multiple disciplinary warnings, including verbal warnings and write-ups from Ms. Davis.

17.     Upon information and belief, another of Defendant's employees, Ester Fonseca, also used up all of her leave days in order to care for her sick children during the 2016-2017 school year.

18.     Ms. Fonseca, however, was of Mexican descent.

3

19.    Ms. Fonseca did not receive any disciplinary warnings as a result of taking time off.

20.    In or around February or March of 2017, Ms. Fonseca acknowledged that she had taken an excessive amount of days off, and offered her resignation to Ms. Davis.

21.    In response, Ms. Davis told Ms. Fonseca that she [Ms. Davis] would not accept a resignation from "the Fonsecas," and assured Ms. Fonseca that she could take any and all the time necessary to care for her family.

22.    On or about March 31, 2017, Ms. Davis confronted Ms. McGowan and instructed her to resign or be terminated that day because Ms. McGowan had taken too many days off.

23.    When Ms. McGowan objected that she was being treated differently than Ms. Fonseca, Ms. Davis simply stated, "It's not the same."

24.    Upon information and belief, the only difference between Ms. Fonseca and Ms. McGowan is that Ms. Fonseca's national origin is Mexican and Ms. McGowan's national origin is Somalian

25.    Ms. McGowan tendered her resignation rather than be terminated on or about April 4, 2017.

26.    Upon information and belief, Ms. McGowan's forced resignation and/or termination was motivated by her national origin and/or race, because

Defendant did not similarly treat its employees of Mexican descent who took off the same number of days, if not more.

27.  Defendant violated of Title VII of the Federal Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*, as amended, 42 U.S.C. §1981, and the Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. § 951, et seq. (the "PHRA"), by discriminating against Ms. McGowan and treating her differently than her co-workers of Mexican descent, all on the basis of her national origin and race.

<u>COUNT I</u>
<u>TITLE VII VIOLATIONS</u>
<u>DISPARATE TREATMENT & WRONGFUL TERMINATION</u>

28.  All prior paragraphs are incorporated herein as if set forth fully below.

29.  Defendant violated Title VII by treating Ms. McGowan differently than her co-workers and terminating her because of her national origin.

30.  Specifically, Defendant disciplined Ms. McGowan and ultimately terminated her for taking days off when employees of Mexican descent were not disciplined for the same activity.

31.  As a consequence of Defendant's discriminatory actions and failures to act, Ms. McGowan was subjected to emotional distress, humiliation, ridicule, and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

32.    As a result of Defendant's discriminatory actions, Ms. McGowan has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and she has been subjected to great damage to her career and professional standing.

33.    The actions of Defendant set forth above constitute violations of Ms. McGowan's federal civil rights under Title VII.

**WHEREFORE**, Plaintiff, Naima McGowan, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## COUNT II
## VIOLATIONS OF 42 U.S.C. §1981

34.    All prior paragraphs are incorporated herein as if set forth fully below.

35.    At all times relevant herein, Ms. McGowan maintained or sought to maintain a contractual relationship with Defendant (i.e., an employment relationship).

36.    At all times relevant herein, Defendant acted by and through its agents, servants, and employees, to intentionally discriminate against Ms. McGowan on the basis of her and thereby deny her the benefits of the contractual relationship she had entered into with Defendant.

37.    Ms. McGowan has suffered damages as a direct result of Defendant's unlawful actions as aforesaid.

**WHEREFORE**, Plaintiff, Naima McGowan, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, infra.

### *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Naima McGowan, prays that the Court enter judgment in her favor and against the Defendant, Vida Charter School, and that the Court enter an Order as follows:

a.  Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on the basis of her race and/or any basis prohibited under applicable federal and state law;

b.  Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on their race and is to be ordered to promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

c.  Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination and/or retaliation at the hands of Defendant until the date of verdict;

d.      Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendant's actions;

e.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

f.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

g.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

h.      Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging – in illegal retaliation against Plaintiff or other witnesses to this action; and

i.      The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## **DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

McCarthy Weisberg Cummings, P.C.

December 3, 2018
Date

/s/ Steve T. Mahan
Steve T. Mahan (PA 313550)
smahan@mwcfirm.com

Larry A. Weisberg (PA 83410)
lweisberg@mwcfirm.com

Derrek W. Cummings (PA 83286)
dcummings@mwcfirm.com

Stephen P. Gunther (PA 324203)
smahan@mwcfirm.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)

*Attorneys for Plaintiff*